CHIEF JUSTICE GRAY
concurring in part and dissenting in part.
¶35 I concur in the Court’s determination that Section 1 of HB 758, codified at § 7-1-120, MCA, does not create a prohibition on the power of self-governing local governments to enact local ordinances regulating smoking in buildings open to the public. As the Court explains, applying the plain meaning of “exemption” and “prohibition” clarifies that an exemption is not equivalent to a prohibition. Consequently, I agree that Section 1 of HB 758 does not create an express statutory prohibition on the powers granted to local governments with self-government charters under Article XI, Section 6 of the Montana Constitution, as required by our case law interpreting that constitutional provision. In other words, the “exemption” language contained in § 7-1-120, MCA, simply has no effect for Article XI, Section 6 purposes as that issue is presented by the Petitioners.
¶36 I also agree with the Court’s conclusion that it is unnecessary to address the Petitioners’ remaining arguments regarding the constitutional validity of HB 758. Finally, I agree that Petitioners are not entitled to attorneys’ fees pursuant to the private attorney general doctrine.
¶37 I dissent, however, from the Court’s decision to address whether the ordinances enacted by these self-governing local governments are valid vis-a-vis the express prohibition on the exercise of the power to regulate a form of gambling contained in § 7-1-112(5), MCA, and its conclusion that they are. The Court’s determination that Section 1 of HB 758 does not constitute an express prohibition on the powers of self-governing local governments is dispositive of the issues regarding the constitutional validity of the legislative enactment-HB 758-over which we accepted jurisdiction. As a result, the Court’s discussion of whether the local ordinances regulate a form of gambling in violation of § 7-1-112(5), MCA, is obiter dictum in its entirety.
¶38 Furthermore, I observe that the issues over which this Court accepted original jurisdiction are limited-with the exception of the attorneys’ fees issue-to issues relating to whether the Legislature’s passage of HB 758 is constitutional. None of the issues accepted by the Court involves the validity of the local ordinances themselves. We are all aware that several legal actions pending in at least one district court directly challenge the validity of the local indoor smoking ordinances on various grounds. It is entirely possible that the issue of *83 whether the local ordinances violate § 7-1-112(5), MCA, has been raised in at least one of these district court actions. In my opinion, the Court’s discussion, in dicta, of whether the local ordinances constitute the regulation of a form of gambling could potentially foreclose the ability of the parties in those actions to raise and thoroughly present the merits of this issue which is beyond the scope of this proceeding. The fact that the State raises an issue qualitatively different from the issues we accepted does not require that we respond to it. I believe the more correct route is to leave this discussion until such time, if any, as parties in a trial court proceeding have raised this issue, have presented a district court with evidence and legal arguments, a district court has resolved it and the issue is properly appealed to this Court. ¶39 For these reasons, I concur in the Court’s opinion on the issues properly before us. I dissent from the Court’s discussion and conclusion on the validity of the local ordinances.